(October 7, 2014)

■ SHIBY ABRAHAM, Respondent, v CHELSEA PIERS MANAGEMENT, INC., Appellant. [993 NYS2d 317]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 26, 2013, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

In the early morning hours of April 1, 2009 plaintiff's decedent drowned in the Hudson River, just off Chelsea Piers, after trespassing onto one of the piers by scaling a locked gate while intoxicated. He was part of a group of five men who had been escorted off the piers earlier that night by two Chelsea Piers employees. One of the employees relocked the gate after letting the men out. A witness who saw the decedent in the water about 15 yards from the walkway dialed 911 and called to decedent to come back, but the decedent moved further out in the water and within a minute had gone under, never to reappear. An employee of Chelsea Piers received a call reporting that someone was in the water, and ran over from the command center with a life ring, but it was too late. Under these circumstances, the decedent's actions were not foreseeable, and there is no basis for holding Chelsea Piers liable for his demise (*see Maheshwari v City of New York*, 2 NY3d 288, 295 [2004]). Concur—Mazzarelli, J.P., Acosta, Freedman, Richter and Clark, JJ.